UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

NAYSHAWN PERKINS,

                              **COMPLAINT**

                 Plaintiff,

    -against-                        Docket No.:

C.O. H. BURNETT, C.O. "JOHN" BRYANT,       <u>Jury Trial Demanded</u>
Individually, C.O. "JOHN" ORTIZ, and JOHN
and JANE DOE 1-5, Individually,

                 Defendants.

----------------------------------------------------------------X

     Plaintiff NAYSHAWN PERKINS, by his attorneys, BRETT H. KLEIN, ESQ., PLLC,

complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

     1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States, arising from the

deliberate indifference to plaintiff's safety and the use excessive force by the defendant New

York State Corrections Officers employed by the New York State Department of Corrections

and Community Supervision (hereinafter "DOCCS").

## JURISDICTION

     2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Eighth

Amendment to the United States Constitution.

     3.     Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff NAYSHAWN PERKINS is a thirty-eight-year old African American man. At the relevant time, he was a convicted prisoner at Sing Sing Correctional Facility (hereinafter "Sing Sing") under the care, custody and control of DOCCS and its officials and officers at Sing Sing.

7.     At the relevant time, defendants C.O. H. BURNETT, C.O. "JOHN" BRYANT, C.O. "JOHN" ORTIZ, and JOHN and JANE DOE 1-5, were employees or agents of the State of New York serving as correction officers and/or supervisors at Sing Sing and for the State of New York and its Department of Corrections and Community Supervision and, as such, were acting under color of state law.

## FACTS

8.     On or about April 10, 2016, plaintiff NAYSHAWN PERKINS was a convicted prisoner incarcerated at Sing Sing, located at 354 Hunter Street, Ossining, New York, where he was under the care, custody, and control of DOCCS and its officials and officers, including the individually named defendants.

2

9.      At approximately 11:00 a.m., on the aforesaid date, plaintiff was ordered to enter a cell in or near the hearing room that was already occupied by an inmate with whom he had a prior altercation on April 8, 2016.

10.      Plaintiff was ordered to enter the cell despite that plaintiff warned defendant DOCCS officers including, upon information and belief, defendant C.O. "JOHN" ORTIZ, that he had had an altercation with said inmate a few days prior.

11.      Upon entering the cell as directed, an altercation between plaintiff and said inmate ensued.

12.      Plaintiff did not sustain any injuries to his nose during said altercation.

13.      DOCCS officers including, upon information and belief, defendants C.O. H. Burnett and C.O. "JOHN" BRYANT, then entered the cell and ordered plaintiff and the inmate to cease fighting.

14.      Plaintiff complied.

15.      Despite plaintiff's compliance with the order to cease fighting, defendant DOCCS officers used excessive force on plaintiff, including the officer believed to be C.O. BRYANT, by needlessly and brutally slamming plaintiff's face into the wall of the cell.

16.      After plaintiff's face was slammed into the wall, his nose began to bleed profusely.

17.      Plaintiff received treatment for his nasal injury at, without limitation, Montefiore Mount Vernon Hospital, where he was diagnosed with comminuted bilateral nasal fractures, with displacement on the right side.   Said injuries resulted in protracted pain, suffering and disfigurement, and necessitated significant treatment, including surgery.

18.     Plaintiff's nasal fractures were a direct result of his face being slammed into the wall and otherwise by the use of excessive force and/or the failure to intervene by the defendant DOCCS officers.

19.     The above-described incident resulted in plaintiff sustaining pain and suffering, emotional distress, and deprivation of his constitutional rights, which were caused solely by the intentional conduct of the defendant DOCCS officers, who, while acting in the course of their employment for DOCCS, were deliberately indifferent to plaintiff's safety, and/or otherwise used excessive force against plaintiff and/or failed to intervene in the violation of plaintiff's rights.

20.     By reason of the foregoing incidents, plaintiff has sustained physical pain and suffering, including without limitation: a severely fractured nose necessitating surgical repair and resulting in ongoing *sequalae*, as well as emotional distress and deprivation of his constitutional rights, and has consequently been damaged in an amount to be determined by a jury.

**<u>Federal Claims</u>**

**AS AND FOR A FIRST CAUSE OF ACTION**
<u>(42 U.S.C. § 1983 – Cruel and Unusual Punishment/8th Amendment Violations of Rights to Be Free From Excessive Force and Deliberate Indifference to Safety)</u>

21.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "20" with the same force and effect as if fully set forth herein.

22.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

23.     All of the aforementioned acts deprived plaintiff NAYSHAWN PERKINS of the rights, privileges and immunities guaranteed to citizens of the United States by the Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of

4

42 U.S.C. §1983.

24.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, with the entire actual and/or apparent authority attendant thereto.

25.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers, pursuant to the customs, usages, practices, procedures, and the rules of the State of New York and DOCCS, all under the supervision of ranking officers of said department.

26.     The defendants who were involved in plaintiff's confinement in a cell with the inmate that they knew plaintiff had an altercation with two days prior consciously disregarded a risk of harm to plaintiff that they knew or should have known was likely to result in harm to plaintiff.

27.     The level of force employed by the defendants who used force on plaintiff was excessive, objectively unreasonable, constituted cruel and unusual punishment, and was otherwise in violation of plaintiff NAYSHAWN PERKINS'S constitutional rights.

28.     As a result of the aforementioned conduct of defendants, plaintiff NAYSHAWN PERKINS sustained physical and emotional injuries.

29.     As a result of the foregoing, plaintiff NAYSHAWN PERKINS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(42 U.S.C. § 1983 – Cruel and Unusual Punishment/8[th] Amendment Deprivation of Plaintiff's
Right to Be Free From Failure to Intervene under 42 U.S.C. § 1983)

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     The defendants who witnessed or otherwise knew about the above-described acts of misconduct had an affirmative duty to intervene on behalf of plaintiff NAYSHAWN PERKINS, whose constitutional rights were being violated in their presence by other officers.

32.     The defendants failed to intervene to prevent the unlawful conduct described herein.

33.     As a result of the foregoing, plaintiff NAYSHAWN PERKINS was subjected to excessive force and sexual abuse.

34.     As a result of the foregoing, plaintiff NAYSHAWN PERKINS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff NAYSHAWN PERKINS demands judgment and prays for the

following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated:  New York, New York
        August 23, 2018

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff NAYSHAWN PERKINS
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By:     _s/ Brett Klein_____
        BRETT H. KLEIN (BK4744)

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NAYSHAWN PERKINS,

                                Plaintiff,

       -against-

C.O. H. BURNETT, C.O. "JOHN" BRYANT,
Individually, C.O. "JOHN" ORTIZ, and JOHN
and JANE DOE 1-5, Individually,

                                Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132